IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DAVID EUGENE YUSKA, | ) | |
| | ) | Bankruptcy No. 14-01504 |
| Debtor. | ) | |
| | ) | |
| DAVID EUGENE YUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 15-9004 |
| | ) | |
| v. | ) | |
| | ) | |
| IOWA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

These dispositive motions of Creditor Iowa Department of Revenue

("IDOR") came before the Court for hearing on February 29, 2016.  Laurie Heron

McCown appeared for IDOR.  Debtor David Yuska appeared pro se.  He has asked

to be referred to as "David."  The Court took the matters under advisement.  The

parties filed briefs.  David filed the last portion of briefing to be considered on

April 26, 2016.  This is a core proceeding under 11 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

David filed this adversary case within his bankruptcy contesting IDOR's tax

claims.  David argues that he does not owe Iowa income tax for tax years 2004,

and 2006–2014.  David argues that Iowa's income tax is unconstitutional; that

IDOR has not complied with Iowa law in assessing his taxes; that Iowa tax liability

depends on federal tax liability and he does not owe federal income tax; and that

IDOR has not met its burden to show that he owes income tax.  He asserts that

there are disputes of material fact because he disputes which laws apply to him.

IDOR originally filed a Motion to Dismiss, a Motion for Partial Summary

Judgment, and a Motion to Abstain.  While these matters were pending, IDOR

moved for summary judgment on the full case.  The Court considered all of these

matters together at the February hearing.

IDOR argues that David's tax liability for 2007 has already been adjudicated

and so cannot be relitigated.  IDOR also argues that his constitutional argument

and his argument that IDOR's assessment was improper have been rejected.  IDOR

argues that David's remaining arguments have no merit and there is no genuine

dispute of material fact about the amount of tax assessed.

The Court concludes that there are no genuine disputes of material fact—

only disputes about the law.  The Court finds that David's arguments do not have

merit and grants IDOR's motion for summary judgment.

## STATEMENT OF THE FACTS AND BACKGROUND

The following facts are relevant to this dispute.  David has not paid Iowa

income tax or filed tax returns for tax years 2004–2014.  After IDOR assessed

taxes for the 2007 tax year, David filed an objection to that assessment. On

November 29, 2012 Iowa Administrative Law Judge Christie J. Scase issued a

decision on IDOR's assessment for tax year 2007. Judge Scase found that the

Iowa Supreme Court had twice considered the issue of the state constitutionality of

Iowa's income tax laws and had upheld the tax. Judge Scase found that IDOR's

2007 assessment was supported by fact and law. David did not appeal that ruling.

David filed bankruptcy on September 29, 2014. David filed under Chapter

13, which is available only to an individual wage earner. In his filing he certified

that he was an individual who resided in Black Hawk County in Iowa. He filed as

"David Eugene Yuska." He did not list any trade names. He signed this petition

under penalty of perjury that all of this information was true and correct. The case

was later converted to Chapter 7.

David then brought a separate adversary case against IDOR. David sought

to set aside all IDOR's tax claims and assessments from 2004–2014. IDOR filed

several motions, including a motion for summary judgment. In support of that

motion, IDOR filed a statement of undisputed facts that set out the following facts:

David resided in Iowa for the tax years in question. He received rental

income from rental property in Iowa. He received wages or a salary while living in

Iowa from 2004–2014. He received interest, dividends, capital gains, or other

types of income while living in Iowa from 2004–2014.

3

David did not pay Iowa income tax on any income he received in the years 2004–2014. He did not file complete or accurate income tax returns for these years. IDOR has assessed David for the following years and amounts:

- 2004 income tax – $467.08

- 2006 income tax – $1,034.03

- 2007 income tax – $81,646.29

- 2008 income tax – $22,112.07

- 2009 income tax – $37,133.45

- 2010 income tax – $56,352.11

- 2011 income tax – $10,528.00 plus a penalty of $7,050.00

- 2012 income tax – $8,510.62 plus a penalty of $5,954.25

- 2013 income tax – $8,966.14 plus a penalty of $6,567.00

- 2014 income tax – $22,552.00 plus a penalty of $16,914.00

IDOR's claims for tax years 2004, 2006–2010 are secured claims. IDOR's claims for the income tax for tax years 2011–2014 are priority unsecured claims. IDOR's penalties for 2011–2013 are general unsecured claims and the 2014 penalty is a post-petition penalty.

David did not object to IDOR's statement of undisputed facts. David has argued that there are factual issues about what laws apply to him. The Court finds

that these arguments present legal issues, not factual issues, and will address them

as such. The Court accepts IDOR's statement of undisputed facts as uncontested.

David's arguments come in many different filings: Adversary Proceeding:

Brief and exhibits (Doc. 34); Adversary Proceeding: Addendum to Brief and

exhibits (Doc. 36); Adversary Proceeding: Supplemental Briefing and exhibits

(Doc. 55); Memorandum in Resistance/Opposition to Motion for Summary

Judgment (Doc. 59); Notice of Claim Dispute (Doc. 68); Statement of Trade

Names (Doc. 69); Affidavit of Denial of U.S. Citizenship (Doc. 70); Statement of

Denial of Rights Under Color of Law (Doc. 71); Letter sent to IDOR requesting

documentation supporting claims (Doc. 72); Supplement to Hearing of 2/29/16

(Doc. 83); and Supplement to Hearing of 2/29/16 and exhibits (Doc. 84). David

has filed other documents but, per Proceeding Memo and Order (Doc. 92), the

Court declined to consider Doc. 91 or any subsequent filings in making its

decision. David had been allowed several supplemental filings already. When the

Court granted David's motion to file Docs. 83 and 84, the Court specifically told

him that the record was closed and no further filings would be considered.

David has repeatedly characterized these proceedings as unfairly prejudiced

against him. David has stated that the Court has "railroaded" him during the

proceedings. The following summary of the docket in this case shows that those

allegations are baseless.  The Court has given David great latitude to advocate his position in this litigation.

On November 16, 2015, IDOR filed this Motion for Summary Judgment, accompanying brief, and statement of undisputed facts.

On December 15, David filed a motion asking for additional time to file a resistance.  The Court granted that motion and gave David until December 23 to file his resistance.

On December 20, David filed another motion asking for additional time to file a resistance.  The Court granted that motion and gave David until January 7, 2016, to file his resistance.

On January 7, 2016, David filed his Objection to Motion for Summary Judgment.  On January 13, without seeking an extension, David filed an amended objection.  On January 14, IDOR filed its reply to David's timely filed objection.

The Court scheduled arguments on the motion for February 10.  On February 9, David filed a motion to continue that hearing.  The Court granted his motion and continued the hearing to February 29.  On February 29, the Court heard argument and gave both parties until March 7 to file post-hearing briefs.

On March 4, David filed a motion to extend time to file post-hearing briefs. The Court granted his motion and gave the parties until March 21 to file their briefs.  IDOR filed its post-hearing brief on March 7.

6

On March 21, David filed another motion to extend time to file his brief. The Court granted his motion and gave him until April 5 to file his brief.

On April 5, David filed his post-hearing brief. On April 12, however, he filed what he characterized as an "addendum" to his brief, along with additional support documents. IDOR objected to these additional documents, noting that they were filed out of time and contained a new argument that Iowa's income tax statute is unconstitutionally vague. The Court overruled IDOR's objection. The Court stated that it would consider David's "addendum" and new argument but would not consider any further filings in deciding the motion for summary judgment.

As this background shows, the Court has allowed David ample time and opportunity to make his arguments.

## ARGUMENTS

The Court has informed David several times over many proceedings, in this adversary and the main case, that it will not entertain or discuss at length any arguments about unconstitutionality or invalidity of income tax that have been rejected by other courts. To the extent that David has made any such arguments, they will be rejected in summary fashion as noted before.

David has attempted to make a couple arguments here that have—to this Court's knowledge—not been made previously. He argues that the Iowa Income Tax is unconstitutional under a specific provision of the Iowa Constitution not

7

previously considered by Iowa courts.  He argues that Article VII, Section 7 of the

Iowa Constitution requires that every Iowa law that imposes a tax:

"shall distinctly state the tax, and the object to which it is applied; and it shall not

be sufficient to refer to any other law to fix such tax or object."  David argues that

Iowa Code § 422.5—one of the provisions under which he is being taxed—is

unconstitutionally vague because it does not statute the "object" of the tax.  David

argues that another section of Chapter 422 of the Iowa Code states the "object" so

§ 422.5 cannot meet the Iowa Constitution's requirement that a tax not "refer to

any other law to fix such tax or object."

David also makes several familiar, routinely rejected arguments.  David

argues that even if the Iowa income tax satisfies Article VII of the Iowa

Constitution, IDOR did not properly assess the tax against him for several reasons.

He argues first that Iowa income tax law relies on information from the United

States Internal Revenue Code ("IRC"), Title 26 of Untied States Code, and that

IDOR did not rely, and could not have relied, on such information here.  He claims

instead that IDOR relied on information from Internal Revenue Service ("IRS")

personnel not computed solely under the IRC.  He asserts that the IRS—an

executive agency—improperly applies its own rules and actions not limited to the

language of the congressionally enacted IRC.  Thus, he believes any information

obtained from the IRS fails to show that it is derived from the IRC.  David then

8

asserts that it is obvious on its face that the IRS information did not come from

calculation under the IRC because he does not owe income tax under the language

of the IRC.  He asserts that the IRC does not impose a tax on citizens of the United

States.  David acknowledges that the IRS administrative regulations provide the

"citizen" language to impose an income tax on him, but he claims that, because

regulations are not a statute (not a part of the IRC), they are simply invalid and

unauthorized administrative material.

David further argues that even if the regulations provide authority to tax

citizens, he is no longer a citizen.  He claims to have renounced his citizenship, and

to now be appearing in this case solely on behalf of the "ens legis"—a legal entity

that somehow remains as a type of estate or object in place of David Yuska as a

citizen.  He thus ultimately claims he is not the legal entity that owes the tax.

David has filed a statement asserting his own name in all capital letters is a "trade

name" and has also filed a statement denying U.S. citizenship.

David finally argues that even if IDOR had the authority it claimed, and

used proper material from the IRS, it still erred in computing his tax.  He claims

the IRS—and thus IDOR—did not have complete or correct information.

IDOR asserts that all of David's arguments are barred by previous litigation

or wrong on the face of the applicable law.  IDOR asserts that these are legal issues

and summary judgment should dispose of this case in its entirety.

David has continually asserted that he has never been shown the laws that
properly impose an income tax on him under State or Federal law.  The Court has
promised David that if it rules against him, it will try to provide a clear statement
of the law and why it applies to him.  Because the Court rules against him, it offers
the following lengthy rationale.

## DISCUSSION

IDOR has now moved for summary judgment in the full case.  "The court
shall grant summary judgment if the movant shows that there is no genuine dispute
as to any material fact and the movant is entitled to judgment as a matter of law."
Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary proceedings).  An
issue is genuine when reasonable minds could differ about the result of a case
because of that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52
(1986).  A fact is material if it "might affect the outcome of the suit."  Id. at 248.
The Court will make "all reasonable inferences in the light most favorable to the
nonmoving party."  Reed v. City of St. Charles, 561 F.3d 788, 790 (8th Cir. 2009).

David resists and states that the following are "genuine issues of material
fact": whether IDOR complied with I.R.C. § 6103; whether IDOR complied with
Iowa Code § 422.4; whether David is a taxpayer; whether the Court has
jurisdiction; and what David characterizes as "the issue of the Subpoena that was

brought forth in main bankruptcy involving their Proof of Claims." Although

David asserts that these issues are factual issues, they are legal issues.

> [F]actual questions deal with whether something did or did not
> happen, or when or where that event took place. Legal issues are the
> conclusions to be drawn from those facts. Thus, a legal issue will
> always be dependent on certain factual events. That factual
> dependence, however, does not convert a legal issue into a factual
> one.

Sandoz v. Conoco, Inc. (In re Delta Energy Res., Inc.), 67 B.R. 8, 9 (Bankr. W.D.

La. 1986). David does not raise factual issues—"whether something did or did not

happen"—instead he contests the "conclusions to be drawn from those facts."

Whether IDOR complied with the law, whether David owes taxes, whether the

Court has jurisdiction, and the subpoena issue, are all legal questions. Moreover,

to the extent that David has raised factual issues, the Court finds that those issues

are neither genuine nor material.

The only facts necessary to resolve this dispute are set out in IDOR's

statement of undisputed facts. David has not objected to that statement of

undisputed facts. And even if he had objected, there is no basis for such an

objection in the record. David has offered no factual material of his own that can

be considered. David offers only lengthy legal arguments. The record clearly

supports IDOR's statement of undisputed facts. Because there are no genuine

issues of material fact, this dispute is ready for summary judgment.

11

David makes several arguments to support his assertion that he does not owe Iowa income tax.  Those arguments are set out in detail above.   In summary, his main arguments are: that Iowa's tax laws are unconstitutional; that IDOR has not complied with Iowa law in assessing his taxes; that Iowa tax liability depends on federal tax liability and that he does not owe income tax under the IRC; and that IDOR has not shown that he owes income tax.

IDOR argues that res judicata precludes some of these arguments.  IDOR also argues that even if the merits of David's arguments are considered, Iowa's income tax laws plainly and clearly apply to David.  Under any argument, IDOR asserts that David owes income taxes for the years in question.

The Court will address each of these legal arguments after addressing the preclusive effect of the 2007 tax year determination, which Judge Scase already decided and David failed to appeal.

## I.    Claim and Issue Preclusion

IDOR argues that David's arguments are barred by the legal doctrines of res judicata and collateral estoppel.  IDOR argues that res judicata applies to David's tax liability for 2007 because it has already been fully and finally decided.  IDOR argues that collateral estoppel applies to keep David's arguments that were addressed and rejected in the 2007 litigation from being considered for the other years (2004, 2006, and 2008–2014).

12

Res judicata is sometimes called "claim preclusion" and collateral estoppel is sometimes called "issue preclusion." See San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal., 545 U.S. 323, 336 (2005). As a general matter, these legal doctrines mean that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Cardona v. Holder, 754 F.3d 528, 529 (8th Cir. 2014). Specifically, "claim preclusion" applies where the parties are the same, and the issue was raised and decided—**or could** have been raised and decided; "issue preclusion" applies where previous litigation decided an issue and the party against who it is used had a full and fair change to address it. Plough By & Through Plough v. W. Des Moines Cmty. Sch. Dist., 70 F.3d 512, 515 (8th Cir. 1995). Federal courts generally give preclusive effect to issues that state courts have decided. Allen, 449 U.S. at 95.

The Court will first address whether claim preclusion bars David from relitigating his 2007 tax year liability. The Court will then address whether issue preclusion bars David from arguing that Iowa's income tax statute is unconstitutional and that IDOR's assessment procedures were improper.

13

## A. Claim Preclusion

IDOR argues that claim preclusion bars David from arguing that he does not owe 2007 income tax.  IDOR argues that, because David already contested his 2007 tax liability and lost, claim preclusion bars him from relitigating this claim.

David argues that his arguments are not precluded in any way because the adjudication of the issues by Judge Scase was in her capacity as an Administrative Law Judge.  David asserts that Administrative Law Judge decisions are not entitled to preclusive effect.  David also asserts that he did not have a full and fair opportunity to appeal the decision.

"Claim preclusion, or res judicata, provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Plough By & Through Plough, 70 F.3d at 515 (quoting Allen, 449 U.S. at 94.).  "The law of the forum that rendered the first judgment controls the res judicata analysis."  St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008); Durns v. Dawson (In re Dawson), 270 B.R. 729, 732 (Bankr. N.D. Iowa 2001) (citing In re Madsen, 195 F.3d 988, 989 (8th Cir. 1999)).  Res judicata is known in Iowa as claim preclusion.  Robbins v. Dist. Court of Worth Cty., Iowa, 592 F.2d 1015, 1017 (8th Cir. 1979).

> Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of

14

> whether they were asserted or determined in the prior proceeding. . . .
> Claim preclusion will bar a subsequent suit when: (1) the first suit
> resulted in a final judgment on the merits; (2) the first suit was based
> on proper jurisdiction; (3) both suits involved the same cause of
> action; and (4) both suits involved the same parties or their privies.
> Furthermore, the party against whom res judicata is asserted must
> have had a full and fair opportunity to litigate the matter in the
> proceeding that is to be given preclusive effect. Under the full faith
> and credit statute, federal courts are required to give the same
> preclusive effect to the judgments of state courts that would be given
> by the state courts where the judgments was rendered. Res judicata
> requires an examination of the law of the state in which the judgment
> was entered to determine whether that state would give that judgment
> preclusive effect against the claims asserted in the federal action.
> Under Iowa law, parties are precluded from disputing a default
> judgment. A default judgment is considered a final adjudication on the
> merits for purposes of res judicata, or claim preclusion. Res judicata
> cannot be avoided by failing to appear or plead.

Zio Johnos Inc. v. Ziaheh (In re Ziadeh), 276 B.R. 614, 618 (Bankr. N.D. Iowa

2002).  Where a litigant had the opportunity to raise issues in previous litigation in

Iowa courts and failed to do so, the doctrine of claim preclusion barred the litigant

from "merely alleging a different theory of recovery where the actions arise out of

the same transaction."  Robbins, 592 F.2d at 1018.  In Iowa, "a tax liability

judgment for a previous year is not conclusive with respect to a subsequent tax

year under the doctrine of claim preclusion."  Colvin v. Story Cty. Bd. of Review,

653 N.W.2d 345, 348 (Iowa 2002).  Thus, the 2007 tax year determination

precludes issues related to the 2007 tax year only.

Claim preclusion is expressly set forth in the Bankruptcy Code with respect

to tax claims.  The Code provides that bankruptcy courts may not determine "the

15

amount or legality of a tax, fine, penalty, or addition to tax if such amount or

legality was contested before and adjudicated by a judicial **or administrative**

**tribunal** of competent jurisdiction before the commencement of the case under this

title." 11 U.S.C. § 505(a)(2)(A) (emphasis added).

Here, David's claim that he does not owe income tax liability for 2007 is

barred by Iowa claim preclusion law. This claim has already been adjudicated by

an "administrative tribunal." David's argument that Judge Scase's decision is not

entitled to preclusive effect goes directly against the terms of Bankruptcy Code

§ 505(a)(2)(A). Likewise, his assertion that he did not receive effective notice of

the decision in time to appeal it is a collateral attack on Judge Scase's decision and

is barred by Iowa claim preclusion law and § 505(a)(2)(A). As set forth above, the

Code specifically states that bankruptcy courts simply cannot redetermine taxes

that have been decided by administrative tribunal. This Court may not determine

the amount or legality of David's tax liability for 2007.

## B. Issue Preclusion

IDOR argues that issue preclusion bars David from relitigating any issue that

was actually raised and decided during the previous litigation about his 2007 tax

year liability. In particular, IDOR argues that David's arguments about the

constitutionality of Iowa's income tax statute and IDOR's assessment procedures

are barred because those arguments were made and rejected in Judge Scase's

decision.  IDOR also seeks broad application of issue preclusion to bar all of

David's arguments.  IDOR argues that the decision by Judge Scase in that 2007

proceeding shows that David is in fact an Iowa taxpayer, owes Iowa income tax,

and all his arguments to the contrary would contradict that ruling.

David again argues that his arguments are not barred by issue preclusion

because the adjudication of the issues by Judge Scase was in her capacity as an

Administrative Law Judge.  David asserts that Administrative Law Judge decisions

are not entitled to issue preclusive effect.  David also asserts that he did not have a

full and fair opportunity to appeal the decision.

"Issue preclusion, or collateral estoppel, provides that 'once a court has

decided an issue of fact or law necessary to its judgment, that decision may

preclude relitigation of the issue in a suit on a different cause of action involving a

party to the first case.'"  Plough By & Through Plough, 70 F.3d at 515 (quoting

Allen, 449 U.S. at 94).  Under Iowa law, issue preclusion bars the relitigation of an

issue if (1) the issue in the current action is the same as in a previous action, (2) the

issue was raised and actually litigated in the previous action, (3) the issue was

material and relevant to the previous action, and (4) the decision was necessary and

essential to the disposition of the previous action.  Dawson, 270 B.R. at 732.

"In determining whether to give a prior state court judgment preclusive

effect, the bankruptcy court must determine whether the 'actually litigated'

17

requirement is met under state law." Ziadeh, 276 B.R. at 620. "Generally, under

Iowa law, the actually litigated requirement of issue preclusion is not met where a

judgment in a prior action is entered on a default for failure to appear or plead."

Id. at 619. "[I]t must appear that the particular matter was considered and passed

on in the former suit, or the adjudication will not operate as a bar to subsequent

action." Central State Bank v. Guyer (In re Guyer), No. 09-00336, 2010 WL

2103572, at *2 (Bankr. N.D. Iowa May 25, 2010) (quoting Lynch v. Lynch, 94

N.W.2d 105, 108 (Iowa 1959)). Where, for example, an Iowa court granted

summary judgment based on unanswered requests for admissions, made no

independent findings, and the debtor was not actively involved in the court

proceedings, the Bankruptcy Court found that issue preclusion did not apply.

Ziadeh, 276 B.R. at 619. Likewise, where the "default judgment does not contain

any factual findings or discussion" or "exploration of the issues," this Court found

that the issue had not been actually litigated. Guyer, 2010 WL 2103572, at *2. In

between the a "full blown trial" and a default judgment is "a twilight zone courts

must address on a case-by-case basis." Ziadeh, 276 B.R. at 619–20.

Giving David the benefit of the doubt here, this case can be said to fall in the

"twilight zone." David's previous tax assessment case with IDOR was not a full

blown trial. Nevertheless, it is clear from the record that the tax court considered

his arguments.  He appeared and made his arguments.  Those arguments were considered and rejected.

The decision considered David's argument "that there is no constitutional basis for the collection of income taxes by the State of Iowa.  He believes that the state cannot impose an income tax without direct and explicit constitutional authority, similar to the authority vested in Congress by the 16th Amended to the Constitution of the United States."  In re David E. Yuska, DIA No. 11DORFC007, Rev. Docket No. 2010-200-1-0072 at 11–12 (Iowa. Dept. of Inspections and Appeals) (addressing David's challenge to his income tax assessment for 2007).  The decision then rejected David's constitutional challenge, citing Iowa Supreme Court caselaw upholding the constitutionality of Iowa's income tax laws.  Id.

This decision also addressed David's challenge to IDOR's assessment procedures.  Id. at 13.  The Administrative Law Judge rejected David's challenge and found that IDOR's practice of relying on IRS documentation is rooted in Iowa law and is appropriate.  Id. ("The administrative rules governing this proceeding specifically allow the Department to rely upon information received from the IRS."); see also id. ("[T]he IRS wage and income transcript for 2007 provides a factual basis for the 2007 assessment . . . .").  Administrative determinations in Iowa are given the same preclusive effect as the judgment of a court.  George v. D.W. Zinser Co., 762 N.W.2d 865, 868 (Iowa 2009).

19

The record shows that other Iowa courts have also discussed his arguments when he challenged IDOR collection efforts.  Those cases made specific findings on the issues he raised.  Courts summarized David's constitutional arguments in those actions as challenges to the State's authority to tax: "All you're doing is arguing the right of the state to tax you and the state clearly has a right to tax you." Iowa Dept. of Revenue v. Yuska, No. CVCV119923, Transcript of Proceedings at 12 (Iowa Dist. Ct. January 20, 2011) (addressing David's objection to garnishment for assessments for tax years 2005 and 2006); see also Iowa Dept. of Revenue v. Yuska, No. CVCV113923, Order at 1 (Iowa Dist. Ct. January 20, 2011) (overruling David's objection to garnishment and finding that his argument that taxes are extortion and are unconstitutional was "frivolous and without merit.").

As a result, the doctrine of issue preclusion bars David from arguing the issue of Iowa's right and authority to tax and also from arguing that IDOR's assessment procedure (namely, relying on documentation provided by the IRS) is improper or illegal.  These issues were raised and litigated in the above actions, were material and relevant to them, and were necessary and essential to their disposition.  The Court will not consider David's arguments about the constitutional authority of Iowa's income tax or IDOR's assessment procedures.

As will be discussed below, however, David makes a number of arguments about why he does not owe Iowa income tax that are different than his arguments

20

about the authority of Iowa to tax income generally.   These arguments were not

raised or considered in David's previous cases.  The Court will address these

arguments with respect to those other tax years.

## II.    Remaining Tax Years

David makes a number of arguments contesting IDOR's tax assessments

against him for tax years 2004, 2006, and 2008–2014.  David argues that he does

not owe Iowa income tax for those years.  He argues that Iowa Code § 422.5 which

IDOR purports to use to tax him is unconstitutionally vague; that IDOR did not

comply with Iowa Code § 422.4's requirement that it calculate his tax under the

IRC; that the IRC does not apply to him; and even if it did he is not a citizen and

that the obligations are owed under a trade name of his name in all capital letters.

David also adds arguments that IDOR improperly applied the fraud penalty to tax

years 2011–2014; that IDOR has not met its burden to show that the income tax

was properly assessed; that this Court does not have jurisdiction because he is a

minor; and that IDOR has not rebutted his affidavit in which he asserts that he does

not owe tax.  He also argues that the Court is biased or prejudiced against him

because the Court is funded with tax revenue.

IDOR argues that the Iowa Supreme Court has twice confirmed that Iowa's

income tax laws are constitutional; that David's arguments under Iowa Code

§§ 422.4 and 422.5 are based on a misreading of those statutes; that the record

21

supports the fraud penalties; that it is David's burden—not IDOR's—to prove that

the assessments are incorrect; and that his other arguments have no basis in law.

The Court addresses these arguments on the 2004, 2006, and 2008–2014 tax

years as set out below.  The Court concludes that Iowa's income tax laws are

constitutional; that they have been properly applied to David; that the fraud

penalties are proper and supported in the record; that David has not met his burden

to show that the assessments are inaccurate; and that the Court is not biased or

prejudiced against him because it is funded with tax revenue.  In addressing those

issues the Court also specifically finds David's arguments about citizenship, trade

name, and argument related to those assertions, are without merit.   The Court

further concludes that David's remaining arguments—to the extent not specifically

addressed—have no basis in law.

## A. Constitutionality of Iowa Code § 422.5

Article VII, Section 7 of the Iowa Constitution states: "Every law which

imposes, continues, or revives a tax, shall distinctly state the tax, and the object to

which it is to be applied; and it shall not be sufficient to refer to any other law to

fix such tax or object."  Iowa Const. art. VII., § 7.  David argues that this provision

requires the tax and the object of the tax to be stated in the same statutory section.

Iowa Code § 422.5 imposes an income tax on "every resident" of Iowa.

That section states that "[a] tax is imposed upon every resident and nonresident of

22

the state which tax shall be levied, collected, and paid annually upon and with

respect to the entire taxable income as defined in this division at rates as follows . .

. .” Iowa Code § 422.5.  That section then sets out the relevant rates for the tax.

Id.  David argues that this section does not appropriately state the object of the tax.

David argues that the object of that tax is set out in Iowa Code § 422.2, which is

captioned “Purpose or Object” and says:

> This chapter shall be known as the “Property Relief Act,” and shall
> have for its purpose the direct replacement of taxes already levied or
> to be levied on property to the extent of the net revenue obtained from
> the taxes imposed herein, which shall be apportioned back to the
> credit of individual taxpayers on the basis of the assessed valuation of
> taxable property as provided in division VIII of this chapter.

Iowa Code § 422.2.  David argues that, because the law stating the tax (§ 422.5)

and the law setting forth the “object” of the tax (§ 422.2) are not in the same

statutory section, Iowa’s tax laws do not meet the Iowa Constitution’s requirement

that all tax laws must “distinctly state the tax, and the object to which it is to be

applied; and it shall **not be sufficient to refer to any other law to fix such tax or**

**object**.”  Iowa Const. art. VII., § 7 (emphasis added).  Stated another way, David

argues that § 422.5 is unconstitutional because it does not state the “object” of the

tax as required by Article VII, Section 7 of the Iowa Constitution.  David thus

argues that the current statutory income tax scheme is unconstitutional because it

requires looking to multiple sections to find the tax and its “object.”

23

IDOR argues that Iowa's income tax laws have been upheld by the Iowa

Supreme Court as constitutional.  Hale v. Iowa Bd. of Assessment and Revenue,

271 N.W. 168, 174 (Iowa 1937); Vilas v. Iowa State Bd. of Assessment and

Revenue 273 N.W. 338, 346 (Iowa 1937).  Those cases, however, do not directly

address David's argument about Article VII of the Iowa Constitution.

Even though David's argument has not been addressed directly, it is

nevertheless unpersuasive.  David's argument requires looking at each section of

Chapter 422 in isolation.  This approach has been repeatedly and clearly rejected

by Iowa courts.  "If more than one statute relating to the subject matter at issue is

relevant to the inquiry, we consider all the statutes together in an effort to

harmonize them."  In re Det. of Geltz, 840 N.W.2d 273, 275 (Iowa 2013) (internal

quotation marks omitted).  "It is a cardinal principle of statutory construction that

the intent of the legislature is to be gleaned from the **statute read as a whole**, and

**not from any section** or portion thereof taken piecemeal."  Durant-Wilton Motors,

Inc. v. Tiffin Fire Ass'n, 164 N.W.2d 829, 831 (Iowa 1969) (emphasis added).

The "law" referred to in Article VII of the Iowa Constitution is the entire "Act"—

Chapter 422 and all of its individual sections—not individual sections standing

alone.  Mallory v. Paradise, 173 N.W.2d 264, 266 (Iowa 1969) ("It is our duty to

interpret a legislative enactment by considering the entire act as a whole.");  Lever

Bros. Co. v. Erbe, 249 Iowa 454, 469, 87 N.W.2d 469, 479 (1958) ("It is of course

24

true . . . that chapter 97 should be read as a whole in determining the legislative

intent . . . ."); Merchs. Supply Co. v. Iowa Emp't Sec. Comm'n, 235 Iowa 372,

378, 16 N.W.2d 572, 576 (1944) ("It is urged that the . . . Act is to be construed as

a whole and its various provisions are to be viewed in the light of their relation to

the whole. There is not much doubt regarding this proposition as to the

construction of statutes.") (citation omitted).

David's argument relies on reading Iowa's tax laws "piecemeal"—as each

particular section of the law, not Chapter 422 as a whole.  As the law above shows,

this approach has been rejected.  The "law" is the entirety of Chapter 422—all of

its sections together—not an individual section thereof.  Courts are to examine "the

entire act as a whole" when interpreting statutes.  Mallory, 173 N.W.2d at 266.

Even if David is correct that § 422.2 is where the "object" of the tax is found, and

§ 422.5 is where the income tax is described, this raises no constitutional concern

because they are found in the same "law"—the entire chapter as a whole.  The very

language of  § 422.2—which David relies on—makes it absolutely clear that the

law is the whole "act" set out in Chapter 422: "This **chapter** shall be known as the

"Property Relief **Act**," and shall have for its purpose . . . ."  Chapter 422 as a whole

states both the tax and its "object."  David's argument that there is a deficiency

under Article VII of the Iowa Constitution is thus unpersuasive.

### B. Iowa Income Tax Determined With Reference To Federal Income Tax

David next argues that IDOR improperly assessed income tax against him in all relevant years because it did not properly follow the terms of Iowa Code Chapter 422. David relies on Iowa Code § 422.4(9), which says

> The word "individual" means a natural person; and if an individual is permitted to file as a corporation, under the Internal Revenue Code, that fictional status is not recognized for purposes of this chapter, and the individual's taxable income shall be computed as required under the Internal Revenue Code relating to individuals not filing as a corporation, with the adjustments allowed by this chapter.

Iowa Code § 422.4(9). David focuses on the following language: "the individual's taxable income shall be computed as required under the Internal Revenue Code." David asserts that this statutory language requires IDOR to calculate his income tax liability under the IRC. David argues that IDOR did not calculate his income tax liability under the IRC. David argues that, if IDOR had complied with this requirement, it would have found that the IRC does not properly impose an income tax on him. He thus concludes that IDOR's assessments are illegal.

David is correct that Iowa income tax is computed using the IRC. However, he looks to the wrong statute—§ 422.4(9)—which applies if an individual files as a corporation (which is not the case here). The proper statute is, as IDOR points out, Iowa Code § 422.7. That section says that residents of Iowa are taxed based on their "net income," defined as "the adjusted gross income before the net

26

operating loss deduction **as properly computed for federal income tax purposes under the Internal Revenue Code**." Iowa Code § 422.7 (emphasis added).

David argues that he does not owe any Iowa income tax for any year because he is not a taxpayer under the IRC. David argues that he is not a taxpayer because he does not fall within the IRC's definition of who is subject to income tax. Specifically, David argues that 26 U.S.C. § 1 does not apply to him by any of its terms. He argues that the only basis on which he could be treated as a taxpayer is in a regulation. David acknowledges that the Code of Federal Regulations provides that "[s]ection 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States . . . ." 26 C.F.R. § 1.1-1. David contends, however, that 26 C.F.R. § 1.1-1 is ineffective because it is an administrative regulation not passed by Congress. David argues that the Constitution says that only "[t]he Congress shall have Power To lay and collect Taxes . . . ." U.S. Const. art. I, § 8. David argues that an administrative regulation is from the IRS, an executive branch entity that is not Congress. Because the Constitution says only Congress can tax, David argues that the attempt by an executive entity (the IRS) to say who is taxed is ineffective. David concludes that he is thus not subject to income tax under the IRC.

David believes that, because Iowa law calculates income tax liability based on taxable income under the IRC, he owes no Iowa tax because he is not a taxpayer

27

under the IRC.  David argues that IDOR has not put the IRC in evidence or shown

how IDOR calculated his tax liability according to the IRC.  David argues that had

IDOR calculated his tax liability under the IRC, his tax liability would be zero

because he is not a taxpayer under the IRC.[1]

The Court rejects David's arguments for several reasons.  First, the Iowa

Code's reference to the IRC is simply a way to calculate taxable income.  Iowa

income tax uses the federal "taxable income" number to determine the amount of

tax owing.  David's Iowa income tax **liability** is not tied to his federal tax **liability**.

Even if David were correct that his Iowa liability and federal liability are the

same (which he is not), his argument fails.  The IRC does in fact apply to him to

make him a taxpayer.  David's argument that the IRC does not impose a tax on him

is not only wrong—all of the cases addressing this issue have concluded that the

opposite is true.  Section 1 of the IRC itself imposes a tax on him.  26 U.S.C. § 1;

Wheeler v. C.I.R., 528 F.3d 773, 776–77 (10th Cir. 2008) (internal quotation

marks and citations omitted) ("The very first section of the Internal Revenue Code

imposes an income tax on the taxable income of every citizen or resident of the

United States."); Jibilian v. United States, 174 F. App'x 576, 577 (Fed. Cir. 2006)

---

[1] David also argues that IDOR's reliance on reports from IRS employees and other IRS documents is improper.  As stated earlier, a previous decision addressed this challenge to IDOR's assessment procedures.  In re David E. Yuska, DIA No. 11DORFC007, Rev. Docket No. 2010-200-1-0072 at 13 (Iowa. Dept. of Inspections and Appeals) ("The administrative rules governing this proceeding specifically allow the Department to rely upon information received from the IRS.").  As a result, the legal doctrine of issue preclusion bars him from relitigating this issue.  The Court will not address this issue further.

("Section 1(a) of the Internal Revenue Code, 26 U.S.C. § 1(a), imposes an income

tax on the income of all citizens of the United States."). The Eighth Circuit, whose

cases govern this Court's decisions, has specifically held that arguments that there

is no law imposing an income tax are frivolous. Lively v. C.I.R., 705 F.2d 1017,

1017 (8th Cir. 1983). David's argument that 26 U.S.C. § 1 does not apply to

United States citizens has been repeatedly rejected by courts that have addressed it.

"[T]he Supreme Court and the lower federal courts have both implicitly and

explicitly recognized the Sixteenth Amendment's authorization of a non-

apportioned direct income tax on United States citizens residing in the United

States and thus the validity of the federal income tax laws as applied to such

citizens." Orndoff v. U.S. I.R.S., 26 F.3d 131 (9th Cir. 1994); see also Banister v.

Comm'r of Internal Revenue, 109 T.C.M. (CCH) 1047 (T.C. 2015) (finding

"arguments about validity and applicability of the Federal income tax" to be

frivolous); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986) (finding a

variant of this argument to have been "consistently and thoroughly rejected by

every branch of the government for decades"). Arguments that 26 U.S.C. § 1 does

not apply a tax to United States citizens, or that the IRS is not authorized to enforce

that tax, have been rejected across the country. Langille v. C.I.R., 447 F. App'x

130, 132 (11th Cir. 2011) ("The Internal Revenue Code ("I.R.C.") imposes a tax

on taxable income of every individual who is a citizen or resident of the United

29

States . . . ."); Rotte v. C.I.R., 216 F. App'x 826, 827 (11th Cir. 2007) (same);

Sponsel v. C.I.R., 307 F. App'x 235, 236 (10th Cir. 2009) ("The Sixteenth

Amendment to the United States Constitution authorizes Congress to levy an

income tax. Statutory authority is found at 26 U.S.C. § 1 and throughout Title 26 of

the United States Code.") (citations omitted); Rintoul v. C.I.R., 15 F.3d 1088 (9th

Cir. 1994) ("Every individual who is a citizen or resident of the United States is

subject to income taxation.");  Jackson v. C.I.R., 990 F.2d 1258 (9th Cir. 1993)

("The Internal Revenue Code imposes an income tax on United States citizens who

reside in the United States and whose income is derived from domestic sources.");

Cadle v. C.I.R., 988 F.2d 118 (9th Cir. 1993) ("Section 1 of the Internal Revenue

Code imposes an income tax on the income of every individual who is a citizen or

resident of the United States."); Loofbourrow v. C.I.R., 208 F. Supp. 2d 698, 709

(S.D. Tex. 2002) ("26 U.S.C. § 1 imposes an income tax on the income of every

individual who is a citizen or resident of the United States."); United States v.

Ralidis, No. A-05-CA-879-SS, 2006 WL 598188, at *6 (W.D. Tex. Jan. 17, 2006)

(collecting cases from the 5th, 7th, and 8th Circuits to support "the validity of the

federal income tax system and the authority of the IRS to assess and enforce tax

liabilities thereunder"); Metcalf v. IRS, No. 12-CV-2239 ARR LB, 2012 WL

2357761, at *2 n.1 (E.D.N.Y. June 19, 2012) ("The payment of income taxes is not

optional, and there is no question that all citizens working in the United States are

30

required to pay taxes.") (citation and internal quotation marks omitted).  Not only

does the IRC impose an income tax, it also "explicitly confers on the Internal

Revenue Service jurisdiction over residents of the fifty states.  Pursuant to 26

U.S.C. § 7701(a)(10), the taxing authority of the IRS includes the several states

and the District of Columbia as part of the United States of America."  United

States v. Updegrave, No. CIV. A. 95-CV-6054, 1997 WL 297074, at *5 (E.D. Pa.

May 28, 1997) (internal quotation marks omitted); Wishman v. Wiley, 83 F.3d 430

(9th Cir. 1996) ("The Commissioner of Internal Revenue ("CIR") is statutorily

authorized to impose an income tax on married individuals . . . who are citizens of

the United States.").  Moreover, the IRC specifically authorizes the IRS to

prescribe rules such as 26 C.F.R. § 1.1-1:

> Pursuant to Section 7805(a) of the Code, the Commissioner has broad
> authority to "prescribe all needful rules and regulations for the
> enforcement of [the Code], including all rules and regulations as may
> be necessary by reason of any alteration of law in relation to internal
> revenue." Section 7805(a) is a general grant of authority by Congress
> to the Commissioner to promulgate—as necessary—"interpretive
> regulations" stating the agency's views of what the existing Code
> provisions already require.

United States v. Langert, 902 F. Supp. 999, 1002–03 (D. Minn. 1995); see also

Hybertson v. United States, No. CV 15-5040-JLV, 2016 WL 1171520, at *2, *8

(D.S.D. Mar. 24, 2016) (holding that an argument that "Treasury Regulation 26

CFR [§] 1.1-1 [which imposes an income tax on every individual who is a citizen

or resident of the United States] is an undue addition to 26 USC § 1 and stands in

31

violation of the 16th [Amendment] to the U.S. Constitution that authorizes only
Congress to lay and collect taxes" was "based on frivolous tax protestor theories
that courts have long rejected").

The Court has promised David a clear explanation of the law.  The Court
also specifically noted it would not entertain any arguments already made and
repeatedly rejected.  Many courts have referred to such arguments as frivolous.  "A
taxpayer's position is frivolous if it is **contrary to established law** and
unsupported by a reasoned, colorable argument for change in the law."  Salzer v.
C.I.R., 108 T.C.M. (CCH) 284, at *4 (T.C. 2014) (emphasis added).  "An
argument that no statutory authority exists for imposing an income tax on
individuals is completely lacking in legal merit and patently frivolous."  Wheeler
v. C.I.R., 528 F.3d 773, 777 (10th Cir. 2008) (internal quotation marks omitted).
David's argument is "contrary to established law" and unsupported by any
arguments for change in the law.  See Salzer, 108 T.C.M. (CCH) 284, at *4.  Thus,
the Court "perceives[s] no need to refute [such an argument] with somber
reasoning and copious citation of precedent; to do so might suggest that [it has]
some colorable merit."  Crain v. C.I.R., 737 F.2d 1417, 1417 (5th Cir. 1984).  This
Court has in fact provided much more time and reasoning than necessary in dealing
with this well-established area of the law.  David's argument that the IRC does not
apply to him has no merit.

This Court has several times reminded David that the Constitution, the statutory and regulatory provisions, and the decisions that interpret them, make up the applicable law.  In particular, this Court has pointed out that it is bound by decisions of courts with authority to review this Court's decisions.  Neither David, nor this Court, is free to disregard or otherwise avoid the application of any of that binding law.  Those decisions require the Court to reach its decision here.

David next argues that the IRC cannot apply to him because he is no longer a citizen of the United States.  During this adversary proceeding and pendency of this bankruptcy, David filed an affidavit purporting to renounce his United States citizenship.  The Court finds this to be gamesmanship that has no bearing on David's responsibility for the income taxes assessed against him.

David voluntarily filed this bankruptcy as a citizen of the United States.  He verified this filing and his schedules and statements of affairs under oath as an individual and citizen.  He also incurred all of the tax liabilities at issue in years before his purported renunciation of citizenship.  He made use of that citizenship in many ways beyond use of the Bankruptcy Court.  He used state courts, roads, bridges, and infrastructure.  As other courts have noted, it is absurd to use government resources and then argue there was no requirement to pay for them. See Robertson v. Comptroller of Treasury, No. CIV. A. L-99-3078, 1999 WL 33228564, at *1–2 (D. Md. Dec. 28, 1999), aff'd sub nom. Robertson v.

<u>Comptroller of Treasury for Maryland</u>, 217 F.3d 840 (4th Cir. 2000). Thus even if he could renounce his citizenship as he has attempted to do, it would not affect the fact that he incurred the debts and owed them as a citizen already—no matter what gamesmanship he later engages in to avoid them. They remain due and owning.

Moreover, his attempt to unilaterally declare himself free of citizenship and its responsibilities was and is ineffective. He cannot continue to reside here in the United States and continue to enjoy the benefits of citizenship while simultaneous claiming he is not a citizen. 8 U.S.C. § 1481 (setting forth the ways a citizen may renounce citizenship). An affidavit purporting to renounce citizenship is not effective under 8 U.S.C. § 1481, because, among other things, "a threshold requirement under these procedures is that the citizen be outside the borders of the United States in order for his renunciation to take effect." <u>Duncan v. U.S. Dep't of State</u>, No. 7:08-CV-00564, 2008 WL 4821323, at *1–2 (W.D. Va. Oct. 30, 2008).

Even if this document were effective to establish David's citizenship status (which it is not) David's residence alone is sufficient to establish jurisdiction sufficient to establish income tax liability. <u>Wright v. United States</u>, No. 4:04-CV-56-2(CDL), 2004 WL 2238789, at *2 (M.D. Ga. Sept. 30, 2004) (citing <u>New York ex rel. Cohn v. Graves</u>, 300 U.S. 308, 312–13 (1937) ("The Supreme Court has also held that residence provides substantive jurisdiction to tax income because a resident enjoys the benefits of residence and therefore must share responsibility for

34

the costs of government."); id. ("Citizenship and residence are both recognized as

constitutional bases for income taxation."); see also Freeman v. Bernsen, No. 4:14-

CV-336-AGF, 2014 WL 1316249, at *1 n.1 (E.D. Mo. Apr. 2, 2014) ("Those who

have voluntarily relinquished their citizenship, like other aliens, must obey federal

and applicable state laws, just as native-born and naturalized citizens are required

to do."). The undisputed statement of facts shows that David was a resident of

Iowa when he received the income that is the basis for the tax at issue. Iowa law

imposes a tax upon "every resident . . . of the state." Iowa Code § 422.5(1) ("**A

tax is imposed upon every resident** and nonresident of the state which tax shall

be levied, collected, and paid annually upon and with respect to the entire taxable

income . . .").

Because David lives in Iowa he is a "resident" under Iowa's tax laws. Iowa

Code § 422.4(15)  ("**The word "resident"** applies only to individuals and

**includes, for the purpose of determining liability** to the tax imposed by this

division upon or with reference to the income of any tax year, **any individual

domiciled in the state**, and any other individual who maintains a permanent place

of abode within the state."). "The word **'individual' means a natural person.**"

Iowa Code § 422.4(9). David is a natural person and so is an individual under the

Iowa Code. Because David is a natural person who lived in Iowa during the years

in question, Iowa law imposed a tax on his income. And as stated previously, his

tax liability is taxed based on his "net income," defined in Iowa Code § 422.7 as

"the adjusted gross income before the net operating loss deduction as properly

computed for federal income tax purposes under the Internal Revenue Code."

Iowa Code § 422.7.  David owes the Iowa income taxes.

Finally, David argues that it is not him that owes the taxes, but an "ens legis"

that is denoted by his name in all capital letters ("DAVID EUGENE YUSKA").

He filed a document asserting a d.b.a., or "trade name," of his name in all capital

letters.  This again is nothing more than gamesmanship to avoid tax liability—on a

theory created after he filed bankruptcy and after he incurred virtually all the tax

debt.  At all relevant times David asserted to be himself, David Yuska.  He owned

property as David Yuska.  He resided in Iowa as David Yuska.  He filed

bankruptcy and signed all documents at the time of filing, under penalty of perjury,

as David Yuska.  Moreover, David filed under Chapter 13, which is only available

to individuals, and so cannot now argue that he is not an individual.  In re Myrland,

209 B.R. 524, 526 (Bankr. W.D. Wash. 1997) ("26 U.S.C. § 1 imposes income

taxes on "individuals" rather than citizens.  Myrland does not assert or argue that

he is not an individual, as indeed he cannot, if he wishes to be a debtor in Chapter

13.").  His attempt to file documents and appear at hearings by stating he is

"David" and appears "as himself" for the "ens legis" has no legal effect.  Other

courts have rejected similar arguments.  Johnson v. Comm'r, T.C. Memo.1999–

312, aff'd 242 F.3d 382 (9th Cir. 2000) (holding that petitioner's contention that

"he was not the taxpayer named in the notice of deficiency because the name on

the deficiency notice was spelled in capital letters, and that corporations, not

individuals, spell their names with capital letters" was frivolous); United States v.

Welch, No. 11-CV-02292-CMA-KLM, 2013 WL 5338507, at *10 (D. Colo. July

25, 2013), report and recommendation adopted, No. 11-CV-02292-CMA-KLM,

2013 WL 4434250 (D. Colo. Aug. 15, 2013) ("Even assuming there were any

grounds for finding the existence of an SSA-created trust named JIM DAVIS

WELCH, the simple fact that Defendant Welch's name has appeared on tax

assessments or Court documents with all capital letters does not suggest that the

Plaintiff's Complaint, the Forms 4340, or the alleged tax liability apply to any

other than Jim Davis Welch, the individual."); see also United States v. Bradley,

No. 99-3765, 2001 WL 997428, at *1 (6th Cir. Aug. 9, 2001) (holding that

taxpayer's argument that "'Edgar Francis; Bradley' is a natural born man of the

State of Ohio, while 'Edgar F. Bradley' is merely a corporate fiction" was a

"patently meritless"); United States v. Denham, No. 08-9012-CV-W-HFS, 2009

WL 222984, at *1 (W.D. Mo. Jan. 29, 2009) ("[D]efendant's contention that one is

not subject to a summons when his name is spelled in the caption in capital letters

has been found to be "patently frivolous."); Norris v. Clerk of Court, No. CV07-

2530-PHX-DGC LO, 2008 WL 824003, at *2 n.1 (D. Ariz. Mar. 25, 2008)

37

(collecting cases where individuals have "made similar assertions, typically in unsuccessful attempts to avoid legal liability for their acts.").  David offers no recognized legal basis for these arguments.  Entertaining these arguments further, in the face of strong authority and common sense directly to the contrary, is not warranted.  The Court follows the applicable authority and rejects David's argument that some other legal entity owes the taxes at issue.

David's arguments that these laws do not apply to him, were improperly applied to him, or apply to some other legal entity, are completely without merit. David is a taxpayer under federal law and Iowa law.

### C. 75% Fraud Penalty

IDOR imposed a 75% fraud penalty for tax years 2011–2013.  IDOR argues that David has a clear pattern of intentionally and repeatedly concealing his income, continuously failing to submit income tax returns, and evading paying taxes when assessments are done.

David argues that the fraud penalties are improper.  He argues that IDOR has not met its burden of showing that the fraud penalties are proper.

The Iowa Code provides that "[i]n case of willful failure to file a return . . . with intent to evade tax . . . a penalty of seventy-five percent shall be added to the amount shown due or required to be shown as tax on the return or deposit form." Iowa Code § 421.27(4)(a).  "Willfulness [is] established by proof of a voluntary

38

and intentional violation of a known legal duty." <u>Iowa v. Osborn</u>, 368 N.W.2d 68,

70 (Iowa 1985). IDOR has the burden to prove fraud by "clear and convincing

evidence." <u>Clark v. Iowa Dept. of Revenue</u>, 644 N.W.2d 310, 318 (Iowa 2002).

"Because direct evidence of fraud rarely exists, [a court] may infer the intent to

defraud by examining circumstantial evidence." <u>Id.</u> Courts consider certain

"badges of fraud" when evaluating the propriety of tax fraud penalties under Iowa

Code § 421.27(4)(a). <u>Id.</u> One indication of fraud is a taxpayer's "consistent and

sizeable underreporting of income." <u>Id.</u> In ruling on David's case about his 2007

taxes, the Court told David that "[t]he Iowa Supreme Court has heard and ruled on

cases challenging the constitutionality of income tax and in each case the Court

upheld the tax." Ex. A at 12. In 2010, when David made similar arguments, the

Court found that "his position was frivolous and without merit." <u>Iowa Dept. of</u>

<u>Revenue v. Yuska</u>, No. CVCV113923, at 1 (Iowa Dist. Ct. Jan. 20, 2011).

Here, the clear and convincing evidence in the record shows that the fraud

penalties are proper. David has been told multiple times through court rulings that

Iowa tax laws are constitutional and that they apply to him. Nevertheless, David

continued to conceal his income by not completing returns, by failing to cooperate

with information requests by tax authorities, and by demonstrating a lack of

credibility in continuously making frivolous arguments. David's continued

obstruction and noncompliance is undisputed in the record. The filings by IDOR

39

show intentional acts by David—not filing returns, filing false returns, concealing his income, and evading paying taxes when assessments are completed. David has never made a showing—or offered any evidence at all to contradict this undisputed record. These undisputed facts support the imposition of fraud penalties in this case. The Court specifically finds that the fraud penalties were proper.

### D. Other Arguments

David also argues that the Court does not have jurisdiction over him because he is a minor, or was a minor at the time the assessments were made. David is not a minor and was not a minor at the time the assessments were made. He cites Minnesota and Georgia law in support of these assertions. Only Iowa law and federal law apply to these proceedings. Whatever the alleged basis for his assertion that the Court does not have jurisdiction, however, he is clearly wrong. David submitted to this Court's jurisdiction when he filed his voluntary bankruptcy petition. Markwood Invs. Ltd. v. Neves (In re Neves), 500 B.R. 651, 662 (Bankr. S.D. Fla. 2013) ("The Debtor . . . sought the protection of this Court when he filed his bankruptcy case, thereby voluntarily subjecting himself to the jurisdiction of this Court."). He then filed this adversary against IDOR and a similar one against the IRS. This argument is another piece of gamesmanship, entirely unsupported by applicable law, and is entirely without merit.

40

David also argues that there is an issue regarding "the Subpoena that was brought forth in main bankruptcy involving their Proof of Claims." David asked for documents proving that he owed Iowa income tax. David states that he never received such documents. David contends that he does not owe tax because IDOR did not provide him with documents proving that he owed income tax. This argument has no basis in the law. The analysis above explains and shows that David is in fact an Iowa taxpayer. He has been assessed by IDOR for income tax. IDOR may not have responded to his satisfaction to his request for documents that show he owes taxes. His remedy for any failure of IDOR to provide documents was a motion to compel or a motion for sanctions. He filed neither. His satisfaction with IDOR's response is irrelevant to whether he owes Iowa tax. Moreover, David likely would not be satisfied by any documents IDOR would give him to show he owes tax because he has repeatedly made clear that he does not believe the law applies to him. He is wrong for the reasons stated above. Whether IDOR provided him with documents makes no difference here.

David has also repeatedly argued that IDOR has not met its burden of proving that the assessments were proper and accurate. This is not IDOR's burden in this case. IDOR's calculations are presumed valid unless David proves otherwise. It is David's burden to show that the assessments were erroneous. When tax assessments are challenged in bankruptcy cases, the burden of proof is

41

determined under state law.  <u>Raleigh v. Illinois</u>, 530 U.S. 15, 26 (2000).  In Iowa,

"the burden of proof with respect to assessments in contested case proceedings . . .

shall be upon the taxpayer who challenges the assessment."  Iowa Code

§ 421(6)(c); <u>Iannone v. Iowa Dept. of Revenue & Fin.</u>, 641 N.W.2d 735, 738–39

(Iowa 2002) ("When challenging a tax assessment, the burden of proof is on the

taxpayer to show the Department's assessment was erroneous.").  The undisputed

record shows IDOR received material from the IRS to calculate David's taxable

income.  As discussed above, IDOR's reliance on the IRS documents is proper

under the language of the Iowa Code.  David's challenge to the use of the IRS

documents has been addressed and rejected.

David also filed an affidavit asserting that he does not owe Iowa income tax.

David asserts that "an unrebutted affidavit stands as truth."  Whether David owes

Iowa tax is a legal question that cannot be answered without reference to Iowa law.

> A question of fact can be answered solely by determining the facts of
> a case (without any need to know the law relevant to the case). A
> question of law can be answered solely by determining what relevant
> law means (without any need to determine the facts of a case).

<u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 399 F.3d 248, 269 (3d Cir. 2005).

David's affidavit asserting that he does not owe Iowa income tax does not state any

facts—it simply states a legal conclusion: that David does not owe tax.  As a result,

it is insufficient to defeat IDOR's motion for summary judgment.  "Unsupported

allegations or affidavits setting forth ultimate or conclusory facts and conclusions

of law are insufficient to either support or defeat a motion for summary judgment."
Bridgette McCoy v. Hous. Auth. of New Orleans, No. CV 15-398, 2016 WL
2992528, at *10 (E.D. La. May 24, 2016) (quoting Galindo v. Precision Am.
Corp., 754 F.2d 1212, 1216 (5th Cir. 1985)) (internal quotation marks omitted).
David's affidavit simply makes a conclusory statement about the ultimate issues in
the case.  Such "unsubstantiated assertions," id., are insufficient to meet David's
burden.   Handle v. City of Little Rock, 772 F. Supp. 434, 437 (E.D. Ark. 1991)
("Opinions, legal conclusions and bare assertions contained in an affidavit are not
sufficient to meet a party's evidentiary burden on summary judgment."); see also
Arzt v. Bank of Am., N.A., 883 F. Supp. 2d 792, 796–97 (D. Minn. 2012) ("[S]elf-
serving affidavit and bare assertion [did] not create a genuine dispute sufficient to
overcome [plaintiff's] burden to repudiate the sheriff's certificate.").  David has
submitted nothing else into the record—apart from "bare assertions"—to contests
the accuracy of IDOR's assessments.  The Court has reviewed David's arguments
and assertions and finds that they do not rebut the presumption of the accuracy of
the tax assessments.  The Court concludes on the evidence in the record that
IDOR's assessments accurately state David's tax liabilities.

David finally argues that the Court has a conflict of interest or bias in this
case because federal courts are funded by federal tax revenue.  This argument too
has been repeatedly rejected.  "[T]he fact federal judges are compensated by a

43

federal government financed by tax revenues does not create a bias requiring

federal judges to recuse themselves in all cases relating to the collection of tax

revenues." United States v. Bell, No. CV-F-95-5346 OWWSMS, 1997 WL

639262, at *1 n.1 (E.D. Cal. Aug. 28, 1997); Fox v. C.I.R., No. 13515-99S, 2001

WL 1923001, at *2 (T.C. June 5, 2001) ("There is no such bias requiring Federal

judges to recuse themselves in all cases relating to the collection of tax revenues.").

"A reasonable person does not infer prejudice . . . because a federal judge receives

a salary from the federal government." United States v. Bell, 79 F. Supp. 2d 1169,

1173 (E.D. Cal. 1999).  Moreover, this argument has no real application here

because, as noted many times, this is a case of tax revenue going to the state of

Iowa, not the federal government.  The state of Iowa provides no funding for the

salary of this, or any other federal judge.  The Court rejects this bias argument for

the well-settled reasons provided by cases and the undisputed facts.

## CONCLUSION

**WHEREFORE**, IDOR's Motion for Summary Judgment is GRANTED.

**FURTHER**, this adversary is DISMISSED.

Dated and Entered:

July 6, 2016

_____
THAD J. COLLINS
U.S. BANKRUPTCY JUDGE